# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DUANE LEWIS,**
       **Plaintiff,**

      **v.**                           **Case No. 05-c-1330**

**MILWAUKEE BREWERS,**
       **Defendant.**

## DECISION AND ORDER

Plaintiff Duane Lewis, proceeding pro se, has filed an action against his former employer, defendant Milwaukee Brewers under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. alleging that he had been subjected to discrete discriminatory and retaliatory acts on the basis of his race and had experienced a hostile work environment throughout his employment. Ordinarily, a plaintiff must pay a statutory filing fee of $250 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, <u>Nietzke v. Williams</u>, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, <u>Floyd v. United States Postal Serv.</u>, 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security

therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of that affidavit, I am satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff avers that he has approximately $850.00 in monthly expenses and is currently receiving no income because his unemployment benefits are pending.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). Therefore, I may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

In reviewing a complaint under this standard, I must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

According to plaintiff's complaint, plaintiff was employed by the Milwaukee Brewers for over thirteen years. He appears to assert that he was passed over for promotions in

favor of individuals with significantly less experience because of his race. He further asserts that his supervisor, Mike Moulder, routinely would direct racially and sexually disparaging comments at him. He contends that racially and sexually disparaging posters and flyers were posted in Moulder's office and near plaintiff's locker. Finally, plaintiff avers that after complaining about such discriminatory acts, defendant retaliated against him by refusing to allow him perks enjoyed by other employees, including accompanying the team on road trips, attending spring training and using club house supplies. Although it is apparent that plaintiff is no longer employed by defendant, it is unclear whether he was terminated or left voluntarily.

A plaintiff may bring adverse action claims pursuant to Title VII. Claims for adverse action because of discrimination fall under § 2000e-2(a) and claims for retaliation under § 2000e-3(a). These sections are not identical. "Section 2000e-3(a) is 'broader' than § 2000e-2(a) in the sense that retaliation may take so many forms, while § 2000e-2(a) is limited to discrimination 'with respect to [the worker's] compensation, terms, conditions, or privileges of employment.' " Whittaker v. N. Ill Univ., 424 F.3d 640, 648 (7th Cir. 2005) (quoting Washington v. Ill. Dep't of Revenue, 420 F.3d 658 (7th Cir. August 22, 2005)). Further, Title VII is violated "[w]hen the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Nat. R.R. Passenger Corp. v. Morgan, 536 U.S. 10, 1161 (2002) (citations omitted).

Plaintiff has obtained a right to sue letter from the EEOC. Given plaintiff's allegations, I conclude that he has stated at least colorable claims under Title VII for discrimination, retaliation, and hostile work environment.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services, 65 Fed. Reg. 47,859, at 47,862 (Aug. 4, 2000) (to be codified at 28 C.F.R. §§ 0.114(a)(2), (a)(3)). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiff, however, should provide defendant or his counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated at Milwaukee, Wisconsin this 27 day of February, 2006.

/s_____
LYNN ADELMAN
District Judge