UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DUANE LEWIS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 05-C-1330 |
| MILWAUKEE BREWERS BASEBALL CLUB, L.P., | ) |
| Defendant. | ) |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

### INTRODUCTION

In this action, the plaintiff, Duane Lewis, appears *pro se* and has attempted to allege claims of racial discrimination, sexual harassment and retaliation against the Milwaukee Brewers Baseball Club, L.P. (the "Brewers"). The Brewers now seek to dismiss certain claims of the Complaint on the grounds that they fail to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Brewers are well aware of the Seventh Circuit's admonition that pleadings filed by *pro se* litigants must be construed liberally. *Calhoun v. Detella*, 319 F.3d 936, 943 (7th Cir. 2003). That admonition, however, counsels only against dismissing a complaint as a result of inartful pleading or a failure to comply with "technical" requirements. *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) ("The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable."). But when the deficiency is substantive – such as where the legal requirements of a claim cannot be established as a matter of law – the *pro se* plaintiff stands in no better stead

than any other litigant. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 2000) ("Even applying the liberal standards applicable in *pro se* cases, we agree with the district court that Henderson has failed to state a legally cognizable claim . . . .").

The Brewers' motion asserts that plaintiff's claims arising out of the promotion of another Brewers employee in 2002 are untimely, and that plaintiff's claims for sexual harassment are barred because they were not asserted in his charge of discrimination to the EEOC, as Title VII unambiguously requires for such claims to be actionable. These deficiencies are inherent in the very nature of the plaintiff's claims – not in the way they are phrased in the Complaint – and could not be "cured" through more sophisticated drafting. Although the Brewers believe that the Complaint is meritless as a whole, they have limited this motion to claims that are obviously deficient as a matter of law. Granting the motion will facilitate discovery in and the ultimate disposition of this action. The Brewers, therefore, respectfully request that the motion be granted in its entirety.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS AND RELATED FACTS

Only because Rule 12(b)(6) requires it for purposes of this motion, the Brewers take the plaintiff's allegations as true. In actuality, and for all other purposes, the Brewers vigorously dispute the letter and tenor of the plaintiff's allegations. To the extent that plaintiff's claims are not dismissed, the Brewers will demonstrate that his claims are completely lacking in both legal and factual merit.

Lewis is a former employee of the Brewers. On April 22, 2005, Lewis signed and filed a charge of discrimination with the United States Equal Employment Opportunity

Commission (the "EEOC Charge").[1]  The EEOC Charge alleges certain instances of racial discrimination and retaliation.  The EEOC Charge does not allege any instances of sexual discrimination or harassment.  Lewis did not check the box on the EEOC Charge indicating that he had suffered any discrimination based on "sex" or based on any "other" circumstances.

On December 21, 2005, Lewis filed the Complaint in this action.  In the Complaint, Lewis appears to allege claims for sexual discrimination or harassment.  (Compl., ¶¶ 1-2.)  In addition, Lewis alleges claims relating to the promotion of another Brewers employee, Mike Moulder, in 2002 that, as shown below, are untimely.  (Compl., ¶¶ 4-5.)  No other facts are material to this motion.

---

[1]  A true and correct copy of the EEOC Charge is attached hereto as Exhibit A.  Lewis did not attach the EEOC Charge as an exhibit to his Complaint.  Numerous courts have held that a court considering a motion to dismiss may take judicial notice of an EEOC charge, as a public record, without converting a motion to dismiss to one for summary judgment pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See, e.g., Molina v. Los Angeles County,* 58 Fed. Appx. 311 (9th Cir. Feb. 27, 2003); *Faibisch v. University of Minnesota*, 304 F.3d 797, 802-03 (8th Cir. 2002); *EEOC v. Recruit U.S.A., Inc.*, 939 F.2d 746, 749 (9th Cir. 1991); *Rhea v. Dollar Tree Stores, Inc.*, 395 F. Supp. 2d 696, 703 (W.D. Tenn. 2005); *EEOC v. Woodmen of the World Life Ins. Soc.*, 330 F. Supp. 2d 1049, 1052 (D. Neb. 2004); *Maldonado-Cordero v. AT&T*, 73 F. Supp. 2d 177, 185 (D. P.R. 1999); *Whitehead v. AM Int'l, Inc.*, 860 F. Supp. 1280, 1286 n.5 (N.D. Ill. 1994).  Although not specifically with respect to an EEOC charge, both the Seventh Circuit Court of Appeals and this Court have held that judicial notice of public record may be taken when deciding a motion dismiss without converting the motion to one for summary judgment.  *See, e.g., Palay v. U.S.*, 349 F.3d 418, 425 n.5 (7th Cir. 2003) ("in resolving a motion to dismiss, the district court is entitled to take judicial notice of matters in the public record"); *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000) ("In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment."); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Northgate Motors, Inc. v. General Motors Corp.*, 111 F. Supp. 2d 1071, 1077 (E.D. Wis. 2000) ("Matters which are properly the subject of judicial notice may be considered without converting the motion into one for summary judgment.").  As a result, consideration of the EEOC Charge in connection with the Brewers' motion does not require the Court to treat the motion as one for summary judgment.

**ARGUMENT**

A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted when the plaintiff "can prove no set of facts consistent with his complaint which would entitle him to relief." *Sneed v. Rybicki*, 146 F.3d 478, 480 (7th Cir. 1998). For purposes of a motion to dismiss, a court must take the plaintiff's factual allegations as true. *Id.*

Here, even if true, plaintiff's claims of racial discrimination arising out of the promotion of Mike Moulder in 2002 are untimely and deficient as matter of law. Likewise, plaintiff's claims of sexual harassment were not raised in the EEOC Charge and, therefore, may not be asserted in this action. As a result, these claims must be dismissed with prejudice.

**I.    PLAINTIFF'S ALLEGATIONS RELATING TO EVENTS THAT OCCURRED MORE THAN 300 DAYS BEFORE THE DATE OF HIS EEOC CHARGE FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

Civil actions under Title VII of the Civil Rights Act of 1964 are authorized by 42 U.S.C. § 2000e-5(f). That provision establishes several prerequisites to filing a civil action. Foremost, the plaintiff must first file a charge of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") within an appropriate time after the claimed act of discrimination has occurred. *See* 42 U.S.C. § 2000e-5(b), (e); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985) ("A plaintiff must file a timely charge with the EEOC encompassing the acts complained of as a prerequisite to filing suit in federal court."). In this case, that time period is 300 days.[2] 42 U.S.C. § 2000e-5(e). Alleged acts of discrimination or harassment that occurred more than 300 days before the date of the plaintiff's EEOC Charge, therefore, are not actionable. *See, e.g., Conley v. Village of Bedford Park*, 215 F.3d 703, 710 (7th

---

[2] Wisconsin law likewise prohibits employment discrimination. Wis. Stat. § 113.321. Lewis was required to invoke his state law remedies before filing a charge with the EEOC. 42 U.S.C. § 2000e-5(c), (d).

Cir. 2000) (holding that plaintiff could not assert suspension from employment as grounds for a disability discrimination claim where "he failed to file a charge with the EEOC, or equivalent state agency, within the requisite 300-day time period" and, "[c]onsequently, any claim based on the suspension alone is untimely"); *EEOC v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 968 (7th Cir. 1996) (summarizing the statutory requirements of Section 2000e-5(f)).

In this case, Lewis filed his charge of discrimination with the EEOC on April 22, 2005. That charge was cross-filed with the Wisconsin Department of Workforce Development Equal Rights Division pursuant to a work sharing agreement. The date that is 300 days prior to the date of filing is June 26, 2004. Any alleged acts of discrimination or harassment that occurred before that date cannot form the basis of a timely claim under Title VII and fail to state a claim upon which relief may be granted.[3]

The Complaint expressly alleges acts of discrimination that necessarily occurred (if at all) before the 300-day period. Paragraph 4 alleges:

> 4. Promotions and Job Assignments. *At the end of the 2002 season* Mike Moulder was promoted to Supervisor after only 2 seasons with the Brewers and that was my 13th season with the team. I was never interviewed for the position.

(Compl., ¶ 4 (emphasis added).) The first sentence of Paragraph 5 likewise alleges discrimination as a result of Moulder's promotion in 2002: "I received less compensation than Mike Moulder once he was promoted." (Compl., ¶ 5.)

---

[3] Many of the plaintiff's allegations are so general that the time period in which the alleged acts of discrimination are claimed to have occurred cannot be ascertained. For example, Lewis alleges that: "My supervisors [sic] Mike Moulder would routinely make racial and sexually lewd comments directed at me." (Compl., ¶ 1.) While the Brewers believe that the failure to allege that the acts occurred during the 300-day period renders these allegations deficient as a matter of law, in light of Lewis' *pro se* status, the Brewers do not seek dismissal of these claims at this time. The Brewers request, however, that the Court rule and make plain to Lewis that acts occurring outside the 300-day period may not be part of his Title VII claim.

As alleged, these acts occurred long before June 26, 2004. As a result, they may not serve as the basis of Lewis' Title VII claims. These allegations, therefore, fail to state a claim upon which relief may be granted. The Court should dismiss the allegations in Paragraphs 4 and 5 of the Complaint to the extent that Lewis attempts or purports to allege a Title VII claim based on the promotion of Mike Moulder in 2002.

## II.    PLAINTIFF'S CLAIMS OF SEXUAL HARASSMENT AND/OR DISCRIMINATION ARE OUTSIDE THE SCOPE OF THE EEOC CHARGE AND LIKEWISE FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

As a general rule, "a Title VII plaintiff may bring only those claims that were included in the EEOC charge." *McKenzie v. Illinois Dept. of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996); *Harper v. Godfrey Co.*, 45 F.3d 143, 147-48 (1995) ("a plaintiff may not bring claims under Title VII that were not originally brought among the charges made to the EEOC"). "[T]he requirement that the scope of the EEOC charge limit the scope of the subsequent complaint is in the nature of a condition precedent with which litigants must comply." *Babrocky*, 773 F.2d at 863.

This "requirement is central to Title VII's statutory scheme." *Id.* It serves two important functions – giving the employer fair notice of the charges and providing the EEOC with an opportunity to investigate the claims and attempt a conciliatory and negotiated resolution that does not require litigation:

> [T]he scope of the subsequent judicial proceedings is limited by the nature of the charges filed with the EEOC. ***An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination.*** This limitation is consistent with the principle of primary jurisdiction in the agency, for it gives the employer some warning of the conduct about which the employee is aggrieved, and it affords the agency and the employer an opportunity to attempt conciliation without resort to the courts.

6

*Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) (emphasis added); *see also Cheek v. West. & South. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) ("This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation and persuasion . . . and of giving the employer some warning of the conduct about which the employee is aggrieved.").

The Seventh Circuit has also recognized, however, that Title VII is a remedial statute and that EEOC charges are frequently completed by laypersons, rather than lawyers. *Cheek,* 31 F.3d at 500. As a result, "a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Id.* Rather, the EEOC charge will be deemed to encompass claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976).

While the Seventh Circuit has described this standard as a "liberal one," *see Babrocky*, 773 F.2d at 864, it has likewise made clear that the standard is not without limits. Indeed, the Seventh Circuit has emphasized that "allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Cheek,* 31 F.3d at 500. To that end, the plaintiff must demonstrate "a reasonable relationship between the allegations in the charge and the claims in the complaint, and [that] the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* "This means that the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*. *Id.* at 501 (emphasis in original).

7

Some degree of specificity is necessary. A plaintiff may not simply make a general allegation of "discrimination" in the EEOC charge; brief and general charges will not be sufficient to preserve the plaintiff's ability to sue under Title VII. The Seventh Circuit has specifically held "that the goals behind the requirement of prior resort to administrative relief would be frustrated if the filing of a general charge with the EEOC would open up the possibility of judicial challenges to any related conduct that took place in connection with the employment relationship." *Rush*, 966 F.2d at 1110. "[I]t will not suffice to file general charges with the EEOC, as was done here, and then to expect that this allegation will permit all claims of race-based discrimination in a subsequent lawsuit." *Id.* at 1112.

Here, Lewis has included in his Complaint allegations that are outside the scope of the EEOC Charge. Specifically, it appears that Lewis attempts to plead a claim of sexual harassment by alleging that Mr. Moulder made "sexually lewd comments directed at me" and that "sexually disparaging flyers were posted in Mr. Moulder's office and near my locker." (Compl., ¶¶ 1-2.) Lewis made no allegations of sexual harassment in his EEOC Charge; the Charge alleges only racial discrimination. In addition, Lewis did not indicate on the form that he was alleging or had been aggrieved by any discrimination based on "sex" or any "other" circumstances, only racial discrimination and retaliation.

As a result, with respect to his claims of sexual harassment, the allegations of Lewis' complaint do not allege any of the same conduct (or conduct by the same individuals) as that stated in the EEOC Charge. Allegations of racial discrimination in the EEOC Charge are not reasonably related to the allegations of sexual harassment in the Complaint. *See Cheek*, 31 F.3d at 503 ("When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them

unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge. Ordinarily, a claim of sexual harassment cannot be reasonably inferred from allegations in an EEOC charge of sexual discrimination."); *see also Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 528 (7th Cir. 2003) (holding that EEOC charge asserting only allegations of racial discrimination was insufficient to preserve plaintiff's ability to sue for age discrimination); *Novitsky v. American Consulting Engineers, L.L.C.*, 196 F.3d 699, 701 (7th Cir. 1999) ("But Novitsky wants us to treat all claims under Title VII against a single employer as related to one another, which would eviscerate the statutory charge requirement.").

As a result, plaintiff's sexual harassment allegations are outside the EEOC Charge, fail to state a claim upon which relief must be granted and must be dismissed.[4] Plaintiff's status as a *pro se* litigant cannot excuse such fundamental non-compliance with Title VII's statutory scheme:

> These differences between the claims in the complaint and the allegations in the charge cannot be overlooked, even under the liberal standard of pleading applied to allegations in an EEOC charge. ***Because Cheek was not professionally trained as a lawyer, we could not expect her to artfully draft the allegations in her EEOC charge; however, she must at least have described, with some degree of specificity, the conduct she considered discriminatory. She did not.*** As a result, the charge failed to serve its dual purpose of giving [defendant] notice of the factual basis for the claims of sex discrimination in Cheek's complaint, and of affording the EEOC an opportunity to investigate the claims.

---

[4] Indeed, much of what it is in the Complaint appears to be outside the scope of the EEOC Charge. For example, the Complaint contains allegations relating to "racially disparaging flyers," "disparate working conditions," and "larger" salary increases given to other workers. (Compl., ¶¶ 2, 3, 5.) None of this was alleged in the EEOC Charge. The Brewers intend to conduct appropriate investigation and discovery into the specific nature of these general allegations and reserve the right to assert that they are outside the scope of the EEOC Charge at a later stage of this proceeding.

9

*Cheek*, 31 F.3d at 502 (emphasis added); *see also Rush*, 966 F.2d at 1111 ("the requirement of some specificity in a charge is not a 'mere technicality'" but is central to Title VII's remedial scheme).

## CONCLUSION

For the foregoing reasons, the Milwaukee Brewers Baseball Club, L.P. respectfully requests that the Court grant its motion for partial dismissal and dismiss all claims of the Complaint relating to (a) the promotion of Mike Moulder in 2002 and (b) to alleged sexual harassment and/or discrimination on their merits and with prejudice.

Dated:  May 16, 2006.                    Respectfully submitted,

*/s/ Andrew J. Wronski*

Andrew J. Wronski WI Bar No. 1024029
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400
414.297.4900

Attorneys for Defendant Milwaukee Brewers Baseball Club, L.P.