UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DUANE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 05-C-1330 |
| MILWAUKEE BREWERS BASEBALL CLUB, L.P., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## **DEFENDANT'S RULE 26(f) REPORT AND DISCOVERY PLAN**

Pursuant to the Court's Order dated May 31, 2006, and Rule 26(f) of the Federal Rules of Civil Procedure, the Milwaukee Brewers Baseball Club, L.P. (the "Club"), by and through its attorneys, Foley & Lardner LLP, submits the following Rule 26(f) Report and Discovery Plan:

**1. Meeting of Counsel.**

Plaintiffs appears in this action *pro se*. On June 16, 2006, plaintiff filed his "Statement of the Case," the contents of which the Club vigorously disputes. Under these circumstances, counsel for the Club did not attempt to schedule a Rule 26 discovery conference with the plaintiff, and the Club is filing its own Rule 26(f) Report and Discovery Plan.

**2. Brief Description of the Case.**

Plaintiff is a former employee of the Club who has asserted claims of employment discrimination on the basis of race. The Club strenuously disputes these allegations. As the evidence will show, plaintiff received sub-standard performance evaluations in 2003 and 2004

and was put on a "performance improvement plan" in 2005. Among the performance issues addressed in that plan were plaintiff's lack of punctuality and sub-standard attendance records.

On April 14, 2005, after plaintiff was counseled on the requirements of his performance improvement plan, plaintiff failed to report for a mandatory orientation meeting of the Club's clubhouse staff, during which Club employees provided the staff with a copy of current work rules, reviewed such rules and reviewed the Club's EEO Policy, Harassment Policy, and Drug Testing Policy. Plaintiff's absence was unexcused. After appropriate review and consultation with plaintiff's supervisors and human resources personnel, the Club discharged plaintiff on April 18, 2006, for violating the terms of his Performance Improvement Plan.

The Club promptly investigated plaintiff's claims of discrimination and retaliation both at the time plaintiff made such charges to the Club's personnel and in response to the EEOC Complaint filed by plaintiff (which the EEOC ultimately dismissed) and found them to be without merit. At no time was either race or retaliation a factor in plaintiff's position, conditions of employment, compensation, or discharge.

### 3. Amendment of Pleadings or Additional Parties.

On May 16, 2006, the Club filed a Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). That motion remains pending and, as a result, the Club has not yet answered the Complaint. The Club intends to answer the Complaint, to the extent necessary, after disposition of its motion, in accordance with Federal Rule of Civil Procedure 12(a)(4).

### 3. Motions.

The Club filed a Partial Motion to Dismiss on May 16, 2006. The Club anticipates filing a motion for summary judgment. The Club is unable to determine at this time whether additional motions, such as discovery motions or motions *in limine*, will be required.

**4.    Trial.**

The Club anticipates that a trial, if necessary, would take no more than three days, although the *pro se* nature of this proceeding may affect that timing.  The Club will not request a jury trial.

**5.    Settlement.**

The parties engaged in settlement discussions prior to this case being filed.  Those discussions were not productive and have not been renewed by the Club.

**6.    Statement Relating to Disclosures Under Rule 26(a).**

The Club suggests that the parties' disclosures pursuant to Rule 26(a)(1) be made on or before July 31, 2006.

With respect to expert disclosures pursuant to Rule 26(a)(2), the Club requests that its disclosures, if any, be due not less than 45 days after the date set by the Court for plaintiffs' expert disclosures.

With respect to pretrial disclosures pursuant to Rule 26(a)(3), the Club requests that the Court set a date certain for such disclosures in its Final Pretrial Order.

**7.    The Nature of Discovery Contemplated By Each Party and the Amount of Time it May Take to Complete Discovery.**

The Club contemplates discovery relating to the legal and factual bases of plaintiff's claims, which will principally involve written discovery and depositions.  The Club intends to conduct plaintiff's deposition promptly.  Fact discovery can be completed not later than October 31, 2006.

**8.    Necessary Limitations on Discovery.**

At this time, the Club does not anticipate the need to alter the discovery limitations imposed by the Federal Rules of Civil Procedure or Local Rules of this Court.

As noted in the Club's Partial Motion to Dismiss, however, plaintiff's Complaint (as well as his "Statement of the Case") alleges acts that may not form the basis of a claim of discrimination or retaliation because they are alleged to have occurred (if at all) more than 300 days before plaintiff filed his charge of discrimination with the EEOC and/or such acts were not included in his charge of discrimination. The Court should instruct plaintiff that discovery will be limited by the 300 days limitations period (which reaches back here only to June 26, 2004) and the allegations of plaintiff's EEOC charge.

**9.    Proposed Schedule.**

In addition to the dates already mentioned in this report, the Club proposes that: (a) the Court establish a deadline for completing fact discovery of October 31, 2006; (b) the Court establish a deadline for filing dispositive motions of December 1, 2006, and (c) the Court set this matter for trial in early 2007.

**10.    Other Matters to be Addressed Under Rule 26(c) or Rule 16(b) and (c).**

Plaintiff has not yet responded to the Club's Partial Motion to Dismiss. The Court will likely need to set a schedule for submissions and a hearing on this motion. The Club is not aware of any other matters that will affect further scheduling of this action.

5

Dated:  June 20, 2006.  Respectfully submitted,

*/s/ Andrew J. Wronski*

Andrew J. Wronski WI Bar No. 1024029
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400
414.297.4900

Attorneys for Defendant Milwaukee Brewers Baseball Club, L.P.