## RULES OF CIVIL PROCEDURE

freeze the present scheme, making future change even more difficult.

### Table Showing Rearrangement of Rules

| Existing Rule No. | New Rule No. |
|---|---|
| 26(a) | 30(a), 31(a) |
| 26(c) | 30(c) |
| 26(d) | 32(a) |
| 26(e) | 32(b) |
| 26(f) | 32(c) |
| 30(a) | 30(b) |
| 30(b) | 26(c) |
| 32 | 32(d) |

**Rule 26.** General Provisions Governing Discovery; Duty of Disclosure

**(a) Required Disclosures; Methods to Discover Additional Matter.**

(1) **Initial Disclosures.** Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(E) The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1):

(i) an action for review on an administrative record;

(ii) a petition for habeas corpus or other proceeding to challenge a criminal conviction or sentence;

(iii) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision;

(iv) an action to enforce or quash an administrative summons or subpoena;

(v) an action by the United States to recover benefit payments;

(vi) an action by the United States to collect on a student loan guaranteed by the United States;

(vii) a proceeding ancillary to proceedings in other courts; and

(viii) an action to enforce an arbitration award.

These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan. In ruling on the objection, the court must determine what disclosures—if any—are to be made, and set the time for disclosure. Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

(2) **Disclosure of Expert Testimony.**

(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing

Lewis v. Milwaukee Brewers    Doc. 18 Att. 1

Case 2:05-cv-01330-WEC    Filed 06/27/2006    Page 2 of 5    Document 18-2

of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

(3) **Pretrial Disclosures.** In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment:

(A) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

(B) the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and

(C) an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures must be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and promptly file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(B), and (ii) any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(C). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the court for good cause.

(4) **Form of Disclosures.** Unless the court orders otherwise, all disclosures under Rules 26(a)(1) through (3) must be made in writing, signed, and served.

(5) **Methods to Discover Additional Matter.** Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property under Rule 34 or 45(a)(1)(C), for inspection and other purposes; physical and mental examinations; and requests for admission.

(b) **Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) **In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

(2) **Limitations.** By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

(3) **Trial Preparation: Materials.** Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the

party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(4) **Trial Preparation: Experts.**

(A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

(B) A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

(C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

(5) **Claims of Privilege or Protection of Trial Preparation Materials.** When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

(c) **Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

(d) **Timing and Sequence of Discovery.** Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Unless the court upon motion, for the convenience of

parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

(e) **Supplementation of Disclosures and Responses.** A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:

(1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

(2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

(f) **Conference of Parties; Planning for Discovery.** Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning:

(1) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:

(2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

(3) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(4) any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. A court may order that the parties or attorneys attend the conference in person. If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule (i) require that the conference between the parties occur fewer than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b), and (ii) require that the written report outlining the discovery plan be filed fewer than 14 days after the conference between the parties, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

(g) **Signing of Disclosures, Discovery Requests, Responses, and Objections.**

(1) Every disclosure made pursuant to subdivision (a)(1) or subdivision (a)(3) shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. An unrepresented party shall sign the disclosure and state the party's address. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made.

(2) Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. An unrepresented party shall sign the request, response, or objection and state the party's address. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:

(A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and

**Rule 26**  RULES OF CIVIL PROCEDURE

(C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed.

(3) If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 30, 1970, eff. July 1, 1970; Apr. 29, 1980, eff. Aug. 1, 1980; Apr. 28, 1983, eff. Aug. 1, 1983; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000.)

### ADVISORY COMMITTEE NOTES

#### 1937 Adoption

**Note to Subdivision (a).** This rule freely authorizes the taking of depositions under the same circumstances and by the same methods whether for the purpose of discovery or for the purpose of obtaining evidence. Many states have adopted this practice on account of its simplicity and effectiveness, safeguarding it by imposing such restrictions upon the subsequent use of the deposition at the trial or hearing as are deemed advisable. See Ark.Civ.Code (Crawford, 1934) §§ 606 to 607; Calif.Code Civ.Proc. (Deering, 1937) § 2021; 1 Colo.Stat.Ann. (1935) Code Civ.Proc. § 376; Idaho Code Ann. (1932) § 16–906; Ill.Rules of Pract.Rule 19 (Smith-Hurd Ill.Stats. c. 110, § 259.19); Smith-Hurd Ill.Stats. c. 51, § 24; 2 Ind.Stat.Ann. (Burns, 1933) §§ 2–1501, 2–1506; Ky. Codes (Carroll, 1932) Civ.Pract. § 557; 1 Mo.Rev.Stat. (1929) § 1753; 4 Mont.Rev.Codes Ann. (1935) § 10645; Neb.Comp. Stat. (1929) ch. 20, §§ 1246–7; 4 Nev.Comp.Laws (Hillyer, 1929) § 9001; 2 N.H.Pub.Laws (1926) ch. 337, § 1; N.C.Code Ann. (1935) § 1809; 2 N.D.Comp.Laws Ann. (1913) §§ 7889 to 7897; 2 Ohio Gen.Code Ann. (Page, 1926) §§ 11525–6; 1 Ore.Code Ann. (1930) Tit. 9, § 1503; 1 S.D.Comp.Laws (1929) §§ 2713–16; Vernon's Ann.Civ.Stats. Tex. arts. 3738, 3752, 3769; Utah Rev.Stat.Ann. (1933) § 104–51–7; Wash.Rules of Practice adopted by the Supreme Ct., Rule 8, 2 Wash.Rev.Stat.Ann. (Remington, 1932) § 308–8; W.Va.Code (1931) ch. 57, art. 4, § 1. Compare [former] Equity Rules 47 (Depositions—To be Taken in Exceptional Instances); 54 (Depositions Under Revised Statutes, §§ 863, 865, 866, 867—Cross Examination); 58 (Discovery—Interrogatories—Inspection and Production of Documents—Admission of Execution or Genuineness).

This and subsequent rules incorporate, modify, and broaden the provisions for depositions under U.S.C., Title 28, [former] §§ 639 (Depositions *de bene esse;* when and where taken; notice), 640 (Same; mode of taking), 641 (Same; transmission to court), 644 (Depositions under *dedimus potestatem* and *in perpetuam*), 646 (Deposition under *dedimus potestatem;* how taken). These statutes are superseded in so far as they differ from this and subsequent rules. U.S.C. Title 28, [former] § 643 (Depositions; taken in mode prescribed by State laws) is superseded by the third sentence of Subdivision (a).

While a number of states permit discovery only from parties or their agents, others either make no distinction between parties or agents of parties and ordinary witnesses, or authorize the taking of ordinary depositions, without restriction, from any persons who have knowledge of relevant facts. See Ark.Civ.Code (Crawford, 1934) §§ 606 to 607; 1 Idaho Code Ann. (1932) § 16–906; Ill.Rules of Pract., Rule 19 (Smith-Hurd Ill.Stats. c. 110, § 259.19); Smith-Hurd Ill.Stats. c. 51, § 24; 2 Ind.Stat.Ann. (Burns, 1933) § 2–1501; Ky.Codes (Carroll, 1932) Civ.Pract. §§ 554 to 558; 2 Md. Ann.Code (Bagby, 1924) Art. 35, § 21; 2 Minn.Stat. (Mason, 1927) § 9820; Mo.St.Ann. §§ 1753, 1759, pp. 4023, 4026; Neb.Comp.Stat. (1929) ch. 20, §§ 1246–7; 2 N.H.Pub.Laws (1926) ch. 337, § 1; 2 N.D.Comp.Laws Ann. (1913) § 7897; 2 Ohio Gen.Code Ann. (Page, 1926) §§ 11525–6; 1 S.D.Comp. Laws (1929) §§ 2713–16; Vernon's Ann.Civil Stats.Tex. arts. 3738, 3752, 3769; Utah Rev.Stat.Ann. (1933) § 104–51–7; Wash.Rules of Practice adopted by Supreme Ct., Rule 8, 2 Wash.Rev.Stat.Ann. (Remington, 1932) § 308–8; W.Va.Code (1931) ch. 57, art. 4, § 1.

The more common practice in the United States is to take depositions on notice by the party desiring them, without any order from the court, and this has been followed in these rules. See Calif.Code Civ.Proc. (Deering, 1937) § 2031; 2 Fla.Comp.Gen.Laws Ann. (1927) §§ 4405–7; 1 Idaho Code Ann. (1932) § 16–902; Ill.Rules of Pract., Rule 19 (Smith-Hurd Ill.Stats. c. 110, § 259.19); Smith-Hurd Ill.Stats. c. 51, § 24; 2 Ind.Stat.Ann. (Burns, 1933) § 2–1502; Kan.Gen.Stat. Ann. (1935) § 60–2827; Ky.Codes (Carroll, 1932) Civ.Pract. § 565; 2 Minn.Stat. (Mason, 1927) § 9820; Mo.St.Ann. § 1761, p. 4029; 4 Mont.Rev.Codes Ann. (1935) § 10651; Nev.Comp.Laws (Hillyer, 1929) § 9002; N.C.Code Ann. (1935) § 1809; 2 N.D.Comp.Laws Ann. (1913) § 7895; Utah Rev.Stat.Ann. (1933) § 104–51–8.

**Note to Subdivision (b).** While the old chancery practice limited discovery to facts supporting the case of the party seeking it, this limitation has been largely abandoned by modern legislation. See Ala.Code Ann. (Michie, 1928) §§ 7764 to 7773; 2 Ind.Stat.Ann. (Burns, 1933) §§ 2–1028, 2–1506, 2–1728–2–1732; Iowa Code (1935) § 11185; Ky. Codes (Carroll, 1932) Civ.Pract. §§ 557, 606(8); La.Code Pract. (Dart, 1932) arts. 347–356; 2 Mass.Gen.Laws (Ter.Ed., 1932) ch. 231, §§ 61 to 67; Mo.St.Ann. §§ 1753, 1759, pp. 4023, 4026; Neb.Comp.Stat. (1929) §§ 20–1246, 20–1247; 2 N.H.Pub.Laws (1926) ch. 337, § 1; 2 Ohio Gen.Code Ann. (Page, 1926) §§ 11497, 11526; Vernon's Ann.Civ.Stats.Tex. arts. 3738, 3753, 3769; Wis.Stat. (1935) § 326.12; Ontario Consol.Rules of Pract. (1928) Rules 237–347; Quebec Code of Civ.Proc. (Curran, 1922) §§ 286 to 290.

**Note to Subdivisions (d), (e), and (f).** The restrictions here placed upon the use of depositions at the trial or hearing are substantially the same as those provided in