UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DUANE LEWIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MILWAUKEE BREWERS BASEBALL )<br>CLUB, L.P., )<br>)<br>Defendant. )<br>)<br>) | Case No. 05-C-1330 |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

The Milwaukee Brewers Baseball Club, L.P. (the "Brewers") filed a motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion asserted that plaintiff's claims arising out of the promotion of another Brewers employee in 2002 are untimely, and that plaintiff's claims for sexual harassment are barred because they were not asserted in his charge of discrimination to the EEOC, as Title VII unambiguously requires for such claims to be actionable.

Plaintiff responded on July 10, 2006. In his response, plaintiff stated that he is not asserting any claims of sexual discrimination or sexual harassment. Based on that concession, the Court should enter an Order confirming that plaintiff may not assert any claim in this action based on sexual discrimination or harassment.

Plaintiff's response also states that his Complaint mistakenly alleges that Mr. Moulder was promoted in 2002, rather than 2003. Even if the promotion occurred in 2003, however, any claims relating to or arising out of that promotion would still be untimely. As explained in the Brewers' principal brief, Lewis filed his charge of discrimination with the

MILW_2045293.1

EEOC on April 22, 2005. Any alleged acts of discrimination or harassment that occurred more than 300 days before that date cannot form the basis of a timely claim under Title VII and fail to state a claim upon which relief may be granted.[1] *See* 42 U.S.C. § 2000e-5(b), (e); *Conley v. Village of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000); *EEOC v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 968 (7th Cir. 1996).

June 26, 2004 was the date 300 days prior to the date of plaintiff's EEOC filing. Thus, even if Mr. Moulder's promotion occurred in 2003, plaintiff's claims relating to or arising out of that promotion are untimely and must be dismissed.

## CONCLUSION

For the foregoing reasons, the Milwaukee Brewers Baseball Club, L.P. respectfully requests that the Court grant its motion for partial dismissal and dismiss all claims of the Complaint relating to (a) the promotion of Mike Moulder and (b) to alleged sexual harassment and/or discrimination on their merits and with prejudice.

Dated: July 14, 2006.

Respectfully submitted,

*/s/ Andrew J. Wronski*

Andrew J. Wronski WI Bar No. 1024029
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400
414.297.4900

Attorneys for Defendant Milwaukee Brewers Baseball Club, L.P.

---

[1] Many of the plaintiff's allegations are so general that the time period in which the alleged acts of discrimination are claimed to have occurred cannot be ascertained. The Brewers request that the Court rule and make plain to Lewis that acts occurring outside the 300-day period may not be part of his Title VII claim.