UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DUANE LEWIS,

       Plaintiff,

v.                                          Case No. 05-C-1330

MILWAUKEE BREWERS
BASEBALL CLUB, L.P.,

       Defendant.

**DECISION AND ORDER ON DEFENDANT'S PARTIAL MOTION TO DISMISS**

### I. BACKGROUND

On December 21, 2005, the plaintiff, Duane Lewis ("Lewis"), who is proceeding pro se, filed a complaint against defendant Milwaukee Brewers Baseball Club, L.P. (the "Brewers"), claiming that he was discriminated against on the basis of his race. The actual text of his complaint reads as follows:

    1. My supervisors [sic] Mike Moulder would routinely make racial and sexually lewd comments at me.

    2. Racially and sexually disparaging flyers were posted in Mr. Moulder's office and near my locker.

    3. Disparate in working conditions. I was not afforded the same benefits as others they included but not limited to the following[:] road trips, spring training, Brewer credit cards to buy daily supplies. After complaining about the disparate [sic] I was then not allowed to use the clubhouse stock supplies.

    4. Promotions and job assignments. At the end of the 2002 season Mike Moulder was promoted to supervisor after only 2 seasons with the Brewers and that was my 13th season with the team. I was never interviewed for the position.

      5. Wages and compensation.  I received less compensation than Mike Moulder once he was promoted.  I earned less money by not be[ing] allowed to go to spring training.  Co workers were given larger salar[y] increases.  After complaint was raised my pay was reduced.  I was not called for duties that resulted in compensation notwithstanding my seniority.

(Compl. at 3.)  After being served with the complaint, the Brewers filed a partial motion to dismiss.  Specifically, the Brewers move to dismiss all claims in the complaint relating to (a) the promotion of Mike Moulder in 2002 and (b) alleged sexual harassment and/or discrimination.  The Brewers' motion "asserts that the plaintiff's claims arising out of the promotion of another Brewer employee in 2002 are untimely, and that the plaintiff's claims for sexual harassment are barred because they were not asserted in his charge of discrimination to the EEOC, as Title VII unambiguously requires for such claims to be actionable."  (Def.'s Mem. at 2.)  The defendant's motion is now fully briefed and is ready for resolution.  For the reasons which follow, the defendant's motion will be granted.

## II. DISCUSSION

      A motion pursuant to Rule 12(b)(6), Fed. R. Civ. P., requires the court to decide whether the plaintiff's pleadings actually state a claim upon which relief can be granted.  For the purposes of a motion to dismiss, all factual allegations of the complaint are taken as true.  *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *Eison v. McCoy*, 146 F.3d 468, 470 (7th Cir. 1998).  Such allegations must be viewed liberally and in the light most favorable to the plaintiff.  *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999).  "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Ogden Martin Systems of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 526 (7th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Civil actions under Title VII of the Civil Rights Act of 1964 are authorized by 42 U.S.C. § 2000e-5(f). That provision sets forth several prerequisites to filing a civil action. First of all, the plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within an appropriate time after the claimed act of discrimination has occurred. *See* 42 U.S.C. § 2000e-5(b) and (e); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985) ("A plaintiff must file a timely charge with the EEOC encompassing the acts complained of as a prerequisite to filing suit in federal court."). In this case, that time period is 300 days. 42 U.S.C. §2000e-5(e). Thus, alleged acts of discrimination or harassment that occurred more than 300 days before the date of the plaintiff's charge are not actionable. *See Conley v. Village of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000).

Attached to the defendant's motion to dismiss is a copy of Lewis' charge of discrimination that was filed with the EEOC on April 22, 2005.[1] Thus, any acts of discrimination or harassment that occurred more than 300 days prior to April 22, 2005 (which would be June 26, 2004) cannot form the basis of a claim for discrimination or harassment in the instant action. This would include any claim of discrimination stemming from the promotion of Mike Moulder, which according to the plaintiff's complaint, occurred at the end of the 2002 season. To be sure, in his response to the defendant's motion, the plaintiff asserts that Mike Moulder's promotion actually occurred at the end of the 2003 season, not the 2002 season. But that is still more than 300 days prior to the filing date of the EEOC charge. Thus, to the extent that the plaintiff claims that the Brewers discriminated against him by promoting Mike Moulder in 2003, he is time-barred from pursuing such claim.

---

[1] A court considering a motion to dismiss may take judicial notice of an EEOC charge, as a public record, without converting a motion to dismiss to a motion for summary judgment. *See Faibisch v. University of Minnesota*, 304 F.3d 797, 802-03 (8th Cir. 2002).

The defendant also seeks to bar the plaintiff from pursuing any claim for sexual discrimination or harassment because such a claim was not included in the EEOC charge. In his response to the defendant's motion Lewis asserts that he is not claiming sex discrimination or harassment. More precisely, he asserts that "[w]hen people in the clubhouse made lewd and sexual statements to me, they were statements based on the fact that I was a black male and the stereotypes about [b]lack males and their sex organs. That is race discrimination not sexual discrimination." (Pl.'s Resp. at 1.) Given the plaintiff's assertion, and given that no claim for sex discrimination was included in his EEOC charge, the plaintiff will be barred from pursuing any claim for sex discrimination or harassment in the instant action.

In conclusion, to the extent that the plaintiff's complaint includes (1) any claim of race discrimination based on the promotion of Mike Moulder in 2002 or 2003 or (2) any claim of sex discrimination or harassment, such claims are dismissed and the plaintiff shall be barred from pursuing such claims.

**NOW THEREFORE IT IS ORDERED** that the defendant's partial motion to dismiss be and hereby is **GRANTED**.

**SO ORDERED** this 9th day of August 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge