UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DUANE LEWIS, </br></br>        Plaintiff, </br></br>vs. </br></br>MILWAUKEE BREWERS BASEBALL CLUB, L.P., </br></br>        Defendant. | ) </br>) </br>) </br>) </br>) </br>)    Case No. 05-C-1330 </br>) </br>) </br>) </br>) |

## **DEFENDANT'S MOTION TO COMPEL**

Pursuant to Federal Rules of Civil Procedure 26 and 37, the Milwaukee Brewers Baseball Club, L.P. (the "Club") hereby moves the Court for an order compelling plaintiff to (a) provide mandatory discovery responses in accordance with Rule 26(a)(1) and the Scheduling Order, (b) provide responses to the Club's First Set of Interrogatories and Requests for the Production of Documents and (c) to appear for a deposition, as noticed by the Club, on September 20, 2006. The grounds for this motion are as follows:[1]

### **Mandatory Discovery Responses**

1.     On June 27, 2006, the Court entered the Scheduling Order in this case. The Scheduling Order required the parties to make the mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) not later than July 31, 2006. The Scheduling Order attached a copy of Rule 26 for the plaintiff's reference and convenience.

---

[1] The factual recitation in this motion is supported by the accompanying Declaration of Andrew J. Wronski in Support of Defendant's Motion to Compel

2.	On July 31, 2006, the Club served its mandatory discovery responses. As of the date of this motion, however, the Club has not received any mandatory discovery disclosures or documents from the plaintiff.

3.	On August 3, 2006, the Club's counsel wrote to plaintiff, reminded him of the July 31, 2006 deadline and requested that the disclosures be received not later than August 10, 2006. Plaintiff did not respond to this letter.

4.	On August 29, 2006, the Club's counsel again wrote to plaintiff regarding his failure to produce (among other things) his Rule 26(a)(1) disclosures. Other than the voice mail message discussed below, plaintiff did not respond to this letter.

### The Club's First Set of Interrogatories and Document Requests

5.	On July 21, 2006, the Club served on plaintiff, by mail, its First Set of Interrogatories and Requests for the Production of Documents. Under the Federal Rules of Civil Procedure, plaintiff was required to serve his responses not later than August 23, 2006. As of the date of this motion, the Club has not received any written interrogatory responses or responsive documents.

6.	In his August 29, 2006 letter, counsel for the Club reminded plaintiff of the deadline for responding to these requests and demanded responses not later than September 5, 2006. The Club's counsel informed the plaintiff that a failure to meet this deadline would result in "a motion to compel those responses and for other appropriate relief from the Court." Other than the voice mail message discussed below, plaintiff did not respond to this letter.

**Attendance at September 20, 2006 Deposition**

7. On or about July 21, 2006, the Club served plaintiff with a Notice of Videotaped Deposition, requiring plaintiff to appear for a deposition on August 30, 2006.

8. On or about August 9, 2006, the Club served plaintiff with an Amended Notice of Videotaped Deposition, rescheduling plaintiff's deposition for September 20, 2006. In order to avoid any confusion, counsel for the Club also sent a cover letter explaining clearly that plaintiff was no longer required to appear on August 30.

9. Notwithstanding the amended notice and this letter, on the morning of August 30, 2006, plaintiff called the Club's counsel and left a voice mail message. The message stated that plaintiff "would not be able to make it down to your office" and that the deposition would be "rescheduled at a convenient time."

10. In response, counsel for the Club telephoned Mr. Lewis on the morning of September 1, 2006. Mr. Lewis did not answer. Counsel for the Club left a voice mail message. That message inquired about the status of plaintiff's mandatory discovery disclosures and his responses to the Club's outstanding discovery requests. In the message, counsel for the Club also noted that the deposition had been rescheduled to September 20, advised plaintiff to read carefully all of the correspondence received from the Club's counsel, and stated that, if there was a conflict with that date, plaintiff should contact counsel immediately. The message also stated that, absent rescheduling, plaintiff "was not free to simply not show up" at the deposition.

11. Shortly thereafter, plaintiff left a voice mail for the Club's counsel, the text of which is as follows:

> How you doing Mr. Wronski, this is Duane Lewis, returning your call. Uh, there might be a problem with the uh, there might be a problem with the uh scheduling date of that uh deposition. But I also have a problem with the way you leave messages and the way you uh write letters in a threatening manner. You know that doesn't move me one way or the other. Where I'm from they you know you I mean actions speaks louder than words. Uh I'm not afraid or I'm not intimidated by your words. And another thing you need to carefully word you you need to carefully use your words because that's the problem with this whole case. You say I'm not free to do this and I'm not free to do that. Ok that's the problem with you know with the uh with the whole case. Apparently I had problem with white people who thought I wasn't free also. So please choose your words carefully when you call my house leaving messages. All right. Thank you.[2]

12. Counsel for the Club called plaintiff back within minutes of receiving this voice mail. Nonetheless, plaintiff did not answer. Counsel left a voice mail. Disregarding the unprofessional content of plaintiff's voice mail, counsel inquired as to the specific nature of the "conflict" and asked plaintiff to address his failure to provide discovery responses. Plaintiff has not responded to this voice mail in any way. As a result, the Club is concerned that plaintiff intends not to appear for his deposition as scheduled on September 20, 2006.[3]

---

[2] This voice mail, and specifically its suggestion that counsel's statement that Mr. Lewis "was not free" to simply blow off his deposition was somehow racist, speaks volumes about the merits of plaintiff's claims of racial discrimination.

[3] The Club may be forced to reschedule this date further, unless the Court can quickly rule on the motion and require plaintiff to produce of documents and written responses on or before September 18, 2006. It would be inefficient to conduct the deposition before these materials are received.

**Relief Requested**

13.     The Club requests that the Court compel plaintiff to provide his Rule 26(a)(1) disclosures, to provide complete written answers to the Club's interrogatories, and to produce all documents responsive to the Club's document requests.  Such relief is clearly appropriate under Rules 37(a)(2)(A) and (B).

14.     The Club also notes that, pursuant to Rules 37(c)(1) and 37(d), the Court "shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  Given plaintiff's *pro se* representation, the Club is not requesting an award of fees and expenses at this time.  The Court should, however, clearly instruct the plaintiff as to his discovery obligations.  Moreover, in the event that the Club prevails on any future motions to compel, the plaintiff should held fully responsible for any costs or fees.

15.     Finally, the Club requests that the Court instruct plaintiff as to his obligation to appear for his deposition on September 20, 2006.[4]  This will avoid the need for a future motion to compel and expedite discovery in this action.

16.     The Club attempted to address these issues with plaintiff in good faith. The Club interpreted plaintiff's statement that "actions speak louder than words" to mean that plaintiff would not comply with his discovery obligations unless and until the Club took action with the Court.

---

[4]     If plaintiff truly has a scheduling conflict with that date, the Club is willing to make a reasonable accommodation.  That will require, however, that the plaintiff articulate the specific nature of the conflict.

## CONCLUSION

WHEREFORE, the Milwaukee Brewers Baseball Club, L.P. requests that the Court enter an order compelling plaintiff to (a) provide mandatory discovery responses in accordance with Rule 26(a)(1) and the Scheduling Order, (b) provide responses to the Club's First Set of Interrogatories and Requests for the Production of Documents and (c) to appear for a deposition, as noticed by the Club, on September 20, 2006.

Dated: September 7, 2006.                                   Respectfully submitted,

*Andrew J. Wronski*

_____
Andrew J. Wronski WI Bar No. 1024029
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400
414.297.4900

Attorneys for Defendant Milwaukee Brewers Baseball Club, L.P.

MILW_2083923.1