UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DUANE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 05-C-1330 |
| MILWAUKEE BREWERS BASEBALL | ) |
| CLUB, L.P., | ) |
| | ) |
| Defendant. | |

# DECLARATION OF ANDREW J. WRONSKI IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL

Andrew J. Wronski hereby declares as follows:

1. I am a partner in the law firm of Foley & Lardner LLP and am one of the attorneys representing the Milwaukee Brewers Baseball Club, L.P, in this action. I am a member in good standing of the bar of the State of Wisconsin and have been admitted to practice before this Court. I make this declaration from my personal knowledge.

2. On July 31, 2006, the Club served its mandatory discovery responses on plaintiff. As of the date of this motion, however, the Club has not received any mandatory discovery disclosures or documents from the plaintiff.

3. On August 3, 2006, I wrote to plaintiff, reminded him of the July 31, 2006 deadline and requested that the disclosures be received not later than August 10, 2006. A true and correct copy of this letter is attached hereto as Exhibit A. Plaintiff did not respond to this letter.

4. On August 29, 2006, I again wrote to plaintiff regarding his failure to produce (among other things) his Rule 26(a)(1) disclosures. A true and correct copy of this letter

is attached hereto as Exhibit C.  Other than the voice mail message discussed below, plaintiff did not respond to this letter.

5. On July 21, 2006, the Club served on plaintiff, by mail, its First Set of Interrogatories and Requests for the Production of Documents.  Under the Federal Rules of Civil Procedure, plaintiff was required to serve his responses not later than August 23, 2006.  As of the date of this motion, the Club has not received any written interrogatory responses or responsive documents.

6. In my August 29, 2006 letter, I reminded plaintiff of the deadline for responding to these requests and demanded responses not later than September 5, 2006.  I informed the plaintiff that a failure to meet this deadline would result in "a motion to compel those responses and for other appropriate relief from the Court."  Other than the voice mail message discussed below, plaintiff did not respond to this letter.

7. On or about July 21, 2006, the Club served plaintiff with a Notice of Videotaped Deposition, requiring plaintiff to appear for a deposition on August 30, 2006.

8. On or about August 9, 2006, the Club served plaintiff with an Amended Notice of Videotaped Deposition, rescheduling plaintiff's deposition for September 20, 2006.  In order to avoid any confusion, I also sent a cover letter explaining clearly that plaintiff was no longer required to appear on August 30.  A true and correct copy of this letter is attached as Exhibit B.

9. Notwithstanding the amended notice and this letter, on the morning of August 30, 2006, plaintiff called me and left a voice mail message.  The message stated that plaintiff "would not be able to make it down to your office" and that the deposition would be "rescheduled at a convenient time."

10. In response, I telephoned Mr. Lewis on the morning of September 1, 2006. Mr. Lewis did not answer. I left a voice mail message. That message inquired about the status of plaintiff's mandatory discovery disclosures and his responses to the Club's outstanding discovery requests. In the message, I also noted that the deposition had been rescheduled to September 20, advised plaintiff to read carefully all of the correspondence received from me, and stated that, if there was a conflict with that date, plaintiff should contact me immediately. The message also stated that, absent rescheduling, plaintiff "was not free to simply not show up" at the deposition.

12. Shortly thereafter, plaintiff left me a voice mail. I recorded the voice mail on tape and have had the text transcribed. The text of the voice mail is as follows:

> How you doing Mr. Wronski, this is Duane Lewis, returning your call. Uh, there might be a problem with the uh, there might be a problem with the uh scheduling date of that uh deposition. But I also have a problem with the way you leave messages and the way you uh write letters in a threatening manner. You know that doesn't move me one way or the other. Where I'm from they you know you I mean actions speaks louder than words. Uh I'm not afraid or I'm not intimidated by your words. And another thing you need to carefully word you you need to carefully use your words because that's the problem with this whole case. You say I'm not free to do this and I'm not free to do that. Ok that's the problem with you know with the uh with the whole case. Apparently I had problem with white people who thought I wasn't free also. So please choose your words carefully when you call my house leaving messages. All right. Thank you.

13. I called plaintiff back within minutes of receiving this voice mail. (I was away from my desk momentarily when the call was placed.) Plaintiff did not answer. I left a voice mail. I inquired as to the specific nature of the "conflict" and asked plaintiff to address his failure to provide discovery responses. Plaintiff has not responded to this voice mail in any way.

14. I certify that I made a good faith effort to resolve these disputes with the plaintiff, but was unsuccessful. As described above, plaintiff has not responded to my letters or voice mails. In addition, I interpreted plaintiff's statement that "actions speak louder than words" to mean that plaintiff would not comply with his discovery obligations unless and until the Club took action with the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 7, 2006.

Respectfully submitted,

*Andrew J. Wronski*

_____
Andrew J. Wronski WI Bar No. 1024029
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400
414.297.4900

Attorneys for Defendant Milwaukee Brewers Baseball Club, L.P.